UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ERNESTO DELATEJERA, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-1311 NAB |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that petitioner is not entitled to relief. As a result, the petition will be dismissed.

## Background

The Missouri Court of Appeals stated the facts of this case as follows:

[Petitioner] was charged in two separate causes. In the first, the State charged two counts of robbery in the first degree, Section 569.020, RSMo 2000, two counts of armed criminal action, Section 571.015, one count of unlawful use of a weapon, Section 571.030, and one count of resisting arrest, Section 575.150. In the second cause, the State charged three counts of robbery in the first degree, Section 569.020, and three counts of armed criminal action, Section 571.015. [Petitioner] pleaded guilty on all counts and was sentenced to a total of twenty-five years of imprisonment.

Thereafter, [petitioner] filed a Rule 24.035 motion for post-conviction relief. [Petitioner] alleged that but for his attorney telling him the

court had said that it could "do better" than the State's recommended sentencing of twenty-five years if [petitioner] pleaded guilty, [Petitioner] would not have pleaded guilty and would have insisted on a jury trial.

The plea court subsequently issued findings of fact and conclusions of law denying [petitioner's] motion. The plea court denied [petitioner's] request for an evidentiary hearing because it found that the record refuted his claim that he pleaded guilty based upon a promise from his attorney or the court that he would receive a more lenient sentence.

Resp't Ex. D at 2 (Per Curiam Mem. and Order Supplementing Order Affirming J. Pursuant to Rule 84.16(b)).

On appeal, petitioner argued that plea counsel inaccurately promised him that he would receive a sentence of less than twenty-five years if he entered a blind plea. Id. at 3. He argues that but for counsel's promise he would not have pled guilty but would have insisted on a trial. Id. The Missouri Court of Appeals found that the record disproved petitioner's claim and showed that counsel did not make any promises to petitioner about his sentence. Id.

In the instant petition, petitioner argues that trial counsel was ineffective for promising him that he would receive a sentence of less than twenty-five years if he entered a blind plea.

**Standard**

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v.

Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was both deficient and prejudicial. Strickland v.

3

Washington, 466 U.S. 668, 687-88 (1984). In § 2254 proceedings, however, demonstrating deficient and prejudicial conduct is not enough. To prevail on an ineffective assistance of counsel claim in a habeas action, a petitioner

> must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, he must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner.

Bell v. Cone, 535 U.S. 685, 698-99 (2002).

## Discussion

During the plea and sentencing hearing, the court established that petitioner understood the proceedings and told petitioner to speak up if he had any questions. Resp't Ex. A at 23-24 (Legal File, Tr.). The following colloquy took place:

> The Court: Very good. Sir, so you understand there's not an agreement between you and the State as to what the sentence should be, do you understand that?
>
> The Defendant: Yes, Your Honor.
>
> The Court: So I could sentence you to the minimum, the minimum sentence here would be a three year sentence on the armed criminal action, the maximum sentence would be five life sentences, consecutive life sentences, plus unlimited, five unlimited sentences on the armed criminal action, and another eight years on the [unlawful use of weapon charge] and resisting arrest, do you understand that?
>
> The Defendant: Yes, Your Honor.

4

> The Court: I could sentence you to the minimum or the maximum, I could grant you probation on some causes, on armed criminal action you have to serve three years, or I could do some combination of jail time and probation, do you understand that?
>
> The Defendant: Yes, Your Honor.
> . . .
>
> The Court: Knowing all that, do you still wish to plead guilty?
>
> The Defendant: Yes, Your Honor.

Id. at 27.

After the court imposed the twenty-five year sentence, it asked petitioner if he had anything to say about his attorney. Petitioner responded, "No."

"[O]nce a person has entered a guilty plea any 'subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.'" Tran v. Lockhart, 849 F.2d 1064, 1068 (8th Cir. 1988) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1976)).

The Missouri Court of Appeals' finding that petitioner's claim of ineffective assistance of counsel was refuted by the record is not contrary to, or an unreasonable application of, clearly established federal law. The trial court informed petitioner that the full range of sentencing options were available, and petitioner insisted that he understood that. When petitioner had the opportunity to tell the sentencing court

5

that his counsel had promised him a lower sentence, he told the court he had nothing to say about counsel's performance. Petitioner's current assertions are contradicted by his statement during the hearing. As a result, petitioner has failed to demonstrate that he is entitled to relief.

## Conclusion

For these reasons, petitioner is not entitled to federal habeas relief. Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued.

A separate Judgment will be filed forthwith.

Dated this 27th day of November, 2013.

/s/Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE