UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERNESTO DELATEJERA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:12-CV-1311 NAB |
| | ) |
| MICHAEL BOWERSOX, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This closed matter is before the Court on Petitioner's "Pro Se Rule 60(b)(1) Seeking Relief from the Final Judgment and Reopen Habeas Proceedings" Motion. [Doc. 16.] On July 20, 2012, Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"). [Doc. 1.] The Court denied relief and dismissed the Petition on November 27, 2013. *See Delatejera v. Bowersox*, No. 4:12-CV-1311 NAB, 2013 WL 6198178 (E.D. Mo. Nov. 27, 2013). Then, on July 28, 2014, Petitioner filed a document titled, "Pro Se Rule 60(b)(1) Seeking Relief from the Final Judgment and Reopen the Habeas Proceedings." [Doc. 16.] Petitioner seeks relief from the previous judgment entered in this action and to re-open the habeas proceedings. Respondent has not filed a response in opposition and the time to do so has expired. For the following reasons, Petitioner's motion will be denied.

**I.      Standard of Review**

The Eighth Circuit had held that when a petitioner files a Rule 60(b) motion in a closed habeas proceeding, the district court should file the purported Rule 60(b) motion and conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount

to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). "If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." *Boyd*, 304 F.3d at 814.

"Federal Rule of Civil Procedure 60(b) allows a habeas petitioner to seek relief from final judgment and to request the reopening of his case in certain circumstances. Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with AEDPA" *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009); *see also* Fed. R. Civ. P. 81(a)(4) (rules of civil procedure apply to proceedings for habeas corpus to the extent that the practice in those proceedings is not specified in a federal statute or the Rules Governing Section 2254 cases). AEDPA imposes three requirements on second and successive habeas petitions:

> First, any claim that has already been in a previous petition must be dismissed. § 2244(b). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new rule or sufficient to meet § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 524, 529-530 (2005) (emphasis in original). "It is well established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure. *U.S. v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

The Court must first determine if the Rule 60(b) motion filed by a habeas petitioner is a habeas corpus application as that statute uses that term. *Gonzalez*, 545 U.S. at 530. "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Gonzalez*, 545 U.S. at 533.

## II. Discussion

First, the Court must determine whether Delatejera's Rule 60(b)(1) motion is in fact a motion for relief from judgment or an impermissible second or successive petition for habeas corpus relief. Delatejera's habeas petition presented one claim, asserting that he received ineffective assistance of counsel, because he would not have pleaded guilty if his counsel had not promised him that his sentencing judge would sentence him to less than twenty-five years in prison. [Docs. 1, 1-1.] The Court denied Delatejera's claim stating that the Missouri Court of Appeals finding that his claim of ineffective assistance of counsel was refuted by the record is not contrary to, or an unreasonable application of, clearly established federal law. *Delatejera*, at *3. The Court found that the allegations in Delatejera's petition were contradicted by his statements during his plea and sentencing hearings. *Id.*

"A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." *Ward*, 577 F.3d at 933. "For the purposes of determining whether the motion is a habeas corpus application, claim is defined as an asserted federal basis for relief from a state court's judgment of conviction or an attack on the federal court's previous resolution of the claim on the merits." *Ward*, 577 F.3d at 933. "On the merits, refers to a determination that there exist or do not exist grounds entitling a prisoner to habeas corpus relief under 28 U.S.C.

§ 2254(a) and (d). When a Rule 60(b) motion presents a claim, it must be treated as a second or successive petition under AEDPA." *Id.* "No claim is presented if the motion attacks some defect in the integrity of the federal habeas proceedings." *Id.* "Likewise, a motion does not attack a federal court's determination on the merits if it merely asserts that a previous ruling which precluded a merits determination was in error- for example a denial for such reasons as failure to exhaust, procedural default, or statute of limitations bar." *Id.*

In his Rule 60(b)(1) motion, Delatejera asserts that the Court "acted in a manner inconsistent with due process" and the motion is "premised on a mistake." [Doc. 16, pp. 4,7.] He asserts that the Court's judgment "acted in a manner inconsistent with due process in ignoring or failing to consider plea counsel's own admission of incompetence advising Delatejera the sentence would be less and counsel admitting his ineffectiveness in inducing Delatejera's pleading guilty." [Doc. 16, pp. 7-8.] Further, Delatejera asserts that the Court "failed to reasonably apply 2254(d) controlling law of which it is bound to in *Hill*, *Strickland*, and 2254(d)(2)." [Doc. 16, p. 8.] Delatejera asserts that his motion is not a second or successive attack on the Court's determination on the merits, but "challenges the constitutional defect/error in the integrity of the federal habeas proceedings in an attempt to have the merits determined favorably." [Doc. 16, p. 6.]

After careful review of the Court's previous decision on Delatejera's habeas petition and the present Rule 60(b)(1) motion, the Court determines that Delatejera's Rule 60(b)(1) motion is improper, because it seeks to re-argue claims that were previously presented in the habeas petition and dismissed on the merits. Despite Delatejera's assertions to the contrary, he is re-arguing his claim that he received ineffective assistance of counsel and is seeking another

opportunity to have the Court rule in his favor. Therefore, the Court will deny and dismiss Delatejera's motion for lack of jurisdiction as a second or successive habeas petition.

Second, even if the Court did not find that Delatejera's claim was a second or successive petition, his Rule 60(b)(1) motion fails. "Federal Rule of Civil Procedure 60(b)(1) permits a district court to grant a defaulting party relief from judgment because of that party's 'mistake, inadvertence[1], surprise, or excusable neglect.'" *Feeney v. AT&E, Inc.*, 472 F.3d 560, 562 (8th Cir. 2006). Delatejera is not asserting a Rule 60(b)(1) mistake by a party, but a mistake by the Court. It has long been the law of this Circuit that relief under rule 60(b)(1) for judicial error other than for judicial inadvertence is not available. *See Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 460-461 (8th Cir. 2000); *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980). "[Arguing] that a court misunderstood or misapplied the law is not grounds for relief under Rule 60(b)(1)." *Nichols v. United States*, No. 4:05-CV-626 WRW, 2006 WL 3420303 at *2 (E.D. Ark. Nov. 28, 2006) (§ 2255 case). Delatejera's Rule 60(b)(1) motion explicitly states that the Court did not correctly apply the law regarding ineffective assistance of counsel. Moreover, to prevent its use as a substitute for appeal, a motion alleging judicial inadvertence must be made within the time allowed for appeal. *Fox*, 620 F.2d at 180. Delatejera did not file a Rule 60(b)(1) motion alleging judicial inadvertence within the time allowed for filing an appeal.[2] *Id.*

---

[1] Inadvertence is defined as "a fault resulting from not paying attention; a mistake caused by oversight." A DICTIONARY OF MODERN LEGAL USAGE 427 (2nd ed. 1995).

[2] Federal Rule of Civil Procedure 60(c) states a motion under Rule 60(b) must be made within a reasonable time- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. If Delatejera purports to assert a claim for judicial inadvertence, his Rule 60(b)(1) motion should have been filed within the time period for filing an appeal. *Fox*, 620 F.2d at 180; *see also* Fed. R. App. P. 4(a)(1)(a) (In a civil case, a notice of appeal, must be filed with the district court within 30 days after entry of the judgment or order appealed from). The Court's order on his habeas petition was filed on November 27, 2013 and the Rule 60(b) motion was filed eight months later on July 28, 2014. Therefore, Delatejera's Rule 60(b)(1) motion was filed after the time period for filing an appeal.

5

Therefore, any request for relief based on judicial inadvertence under Rule 60(b)(1) is time barred.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's "Pro Se Rule 60(b)(1) Seeking Relief from the Final Judgment and Reopen Habeas Proceedings" Motion is **DENIED and DISMISSED for lack of jurisdiction as a second or successive habeas motion**. [Doc. 16.]

Dated this 22nd day of January, 2015.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE